IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Laddarion Johnson,** ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **1:22cv920 (LMB/WEF)** |
| ) | |
| **David Zook, et al.,** ) | |
| **Defendants.** ) | |

MEMORANDUM OPINION

Before the Court is a Motion to Dismiss ("Motion") [Dkt. No. 12] filed by defendants Institutional Investigator P.T. Lett, ("Lett"), Sergeant and Hearing Officer A.J. Green ("Green"), Assistant Warden Robert Whitt ("Whitt"), Operations Manager L.B. Walker ("Walker"), and Warden David Zook ("Zook") (collectively "defendants") in this civil rights action brought under 42 U.S.C. § 1983 by Virginia state prisoner Laddarion Johnson ("plaintiff"). Defendants' Motion was accompanied by a Roseboro[1] notice [Dkt. No. 14] informing plaintiff of his right to respond. Although plaintiff did not file any formal opposition to defendants' Motion, he did file a "Motion for Discovery and Inspection," [Dkt. No. 15], and a collection of documents that he purports shows "everyone's involvement in[] this ... case [he is] presenting," [Dkt. No. 16]. On April 13, 2023, the Court denied plaintiff's request to conduct discovery and instructed plaintiff to file any additional opposition to defendants' Motion within fourteen days. [Dkt. No. 19]. To date, plaintiff has neither filed any further opposition nor requested additional time to do so. Consequently, the Court concludes that it may consider defendants' Motion without further delay. For the reasons that follow, the Motion will be granted, and this action will be dismissed.

---

[1] See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

## I.

In this action, plaintiff claims that he was wrongly convicted of a disciplinary offense while housed at Baskerville Correctional Center and as a result he lost good time and was moved to a higher security facility because his security level went up. [Dkt. No. 1]; [Dkt. No. 16] at 2. He seeks $ 120,000.00 in monetary damages and an order requiring the Department of Corrections to conduct searches while the prisoner is present and use drug testing methods to confirm findings. [Dkt. No. 1] at 6.

The Complaint, as supplemented by information from relevant documents plaintiff has submitted to the Court, [Dkt. No. 16], alleges that on April 5, 2022, at Baskerville Correctional Center, plaintiff was served with a Disciplinary Offense Report charging him with Offense Code 122A, or "[p]ossession of unauthorized or un-prescribed drugs."[2] [Dkt. No. 1-1] at 1; [Dkt. No. 16-1] at 7. The charge arose after a Virginia Department of Corrections ("VDOC") official allegedly found in plaintiff's locker "a piece of paper" covered with "a thick sticky substance" presumed to be "THC Wax."[3] [Dkt. No. 16-1] at 7. The offense report advised plaintiff of the charge raised against him, and of his rights to be assisted at his disciplinary hearing by a staff member or offender advisor, to request the presence of witnesses, to request documentary evidence, to waive his twenty-four-hour hearing preparation period, to question the reporting officer, and to agree to a penalty offer. Id.

---

[2] For reasons not clear from the record, plaintiff signed the name "Michael McAllister" on the Disciplinary Offense Report. See [Dkt. No. 16-1] at 7.

[3] "THC," or tetrahydrocannabinol, is "the main psychoactive compound in cannabis." See CBD VS. THC: WHAT'S THE DIFFERENCE?, https://www.healthline.com/health/cbd-vs-thc#CBD-and-THC (last accessed June 26, 2023).

Plaintiff's disciplinary hearing occurred on April 15, 2022.[4] [Dkt. No. 16-1] at 9. At the hearing, which was conducted by defendant Green, plaintiff posed several questions to Lett, the officer who issued the disciplinary charge. [Dkt. No. 1] at 7. In response to plaintiff's questions, Lett "revealed that not only did he not witness the alleged drug discovery but [also] couldn't remember exactly who the officer was that had [] conducted the search." Id. Lett "further admitted that neither he nor any other officer conducted any type of rapid test or obtained any scientific lab analysis of the alleged "THC wax paper" to confirm or substantiate his claim." Id.

Defendant Green found by "a preponderance of evidence" that plaintiff was guilty of the charged offense and fined him $10.00 as a penalty. [Dkt. No. 16-1] at 9. Both Zook and Regional Administrator Marcus Elam later upheld the disciplinary conviction. [Dkt. No. 1] at 5; [Dkt. No. 16-1] at 11. As an indirect result of his conviction, VDOC officials adjusted plaintiff's Good Time Level to 4 and his Security Level to 3. [Dkt. No. 16-1] at 2. Plaintiff was consequently transferred from Baskerville Correctional Center to Sussex II State Prison on June 6, 2022. Id.; [Dkt. No. 1] at 6.

## II.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure requires a court to consider the sufficiency of a complaint, not to resolve contests surrounding facts or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). To withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To do so, the

---

[4] The Complaint incorrectly alleges that the hearing occurred on April 12, 2022. See [Dkt. No. 1] at 5. Plaintiff has submitted a document—which he signed on April *13*, 2022—stating that his hearing had been moved to April 15. See [Dtk. No. 16-1] at 6.

3

complaint must allege specific facts in support of each element of each claim it raises; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. Id.

Although a court considering a Rule 12(b)(6) motion is tasked with determining the adequacy of the complaint itself, the reviewing court "may [also] consider official public records, documents central to a plaintiff's claim, and documents sufficiently referred to in the complaint, so long as the authenticity of these documents is not disputed." Stoney Glen, LLC v. S. Bank & Tr. Co., 944 F. Supp. 2d 460, 464 (E.D. Va. 2013); see also Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 396-97 (4th Cir. 2006).

### III.

The Complaint explicitly identifies several legal bases for relief, but its allegations could arguably support additional theories under sources of law it does not invoke. Consistent with the Fourth Circuit's guidance to be "especially solicitous" of pro se filings and in such cases to look past "expressly pled claims" and to consider whether the plaintiff "is entitled to relief under any legal theory that his factual allegations might plausibly convey," see Shaw v. Foreman, 59 F.4th 121, 127-28 (4th Cir. 2023) (quoting Slade v. Hampton Rds. Reg'l Jail, 407 F.3d 243, 248 (4th Cir. 2005)), the Court concludes that plaintiff explicitly seeks relief under, or could plausibly seek relief under, the following sources of law: the Fourth Amendment, the Fourteenth Amendment's Due Process and Equal Protection Clauses, 42 U.S.C. § 1985(2)-(3), 42 U.S.C. § 1986, and Virginia state tort law for defamation or slander.[5] See [Dkt. No. 1] at 5. Even when assessed liberally, the Complaint fails to state any viable claim for relief.

---

[5] Plaintiff also presents a supervisory liability theory with respect to defendants Whitt, Walker, and Zook. See [Dkt. No. 1] at 5.

4

### A. *Fourth Amendment*

Plaintiff first claims that the April 5, 2022 search of his cell—which resulted in the finding of the "THC wax paper" for which plaintiff was charged and convicted—violated his rights under the Fourth Amendment. [Dkt. No. 1] at 5; [Dkt. No. 1-1] at 1. This claim fails because, as a convicted inmate, plaintiff had no constitutionally protected privacy interest in his prison cell. See Hudson v. Palmer, 468 U.S. 517, 525–26 (1984). Consequently, "the Fourth Amendment proscription against unreasonable searches does not apply." Id. at 526. Although the Complaint alleges defendants also violated plaintiff's right against unreasonable seizures, he simultaneously suggests that VDOC officials fabricated the evidence against him, which undermines any claim that a seizure actually took place. See [Dkt. No. 1-1] at 1 ("[A]n institutional infraction was served on the basis of … *the alleged discovery* of a piece of paper presumed to be THC wax paper.") (emphasis added). But to the extent plaintiff did possess contraband, any seizure of that contraband would not have violated his rights because plaintiff would have had no right to possess it in the first instance. Cf. Goguen v. Gilblair, No. 2:12-cv-48-JAW, 2013 WL 5407225, at *19 (D. Me. Sept. 25, 2013) ("An inmate has no right to manufacture or keep contraband items in the prison setting."). Accordingly, this claim will be dismissed.

### B. *Fourteenth Amendment*

The Complaint's claim that defendants violated plaintiff's rights under the Fourteenth Amendment's Due Process and Equal Protection Clauses also fails. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir.

5

2001). Here, the Complaint does not offer any factual allegations identifying other inmates who received different treatment than he did, let alone suggest that defendants intentionally imposed different treatment on plaintiff.

The due process claims require more discussion but are also without merit. Plaintiff raises his due process claims against defendants Lett and Green on different but overlapping factual bases. The Complaint alleges that defendant Lett improperly charged plaintiff with a 122A disciplinary charge, failed to conduct a proper investigation into the basis of the charge, and failed to provide adequate evidence to support a finding of guilt at the disciplinary hearing and that defendant Green "was aware" of Lett's allegedly improper behavior yet allowed Lett to violate plaintiff's rights. [Dkt. No. 1] at 5

These allegations call into question both the legitimacy of the disciplinary charge plaintiff faced and the adequacy of the process he received at his disciplinary hearing. But neither theory is availing. As for the claim that plaintiff was the target of a false disciplinary charge, that assertion does not support a viable claim for relief because "filing a false disciplinary charge does not standing alone establish a Fourteenth amendment violation."[6] McCrae v. Locklear, No. 5:22-CT-3300-FL, 2023 WL 2923127, at *2 (E.D.N.C. Apr. 12, 2023). See also Freeman v. Rideout, 808 F.2d 949, 951 (2d. Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a liberty interest.").

---

[6] Importantly, plaintiff does not allege that disciplinary charges were taken out for a retaliatory reason. Such an allegation could support a viable claim under the First Amendment. See Booker v. S.C. Dep't of Corrs., 583 F. App'x 43, 44 (4th Cir. 2014).

The claim regarding the adequacy or legitimacy of plaintiff's disciplinary fails under Heck v. Humphrey, 512 U.S. 477 (1994), and its progeny, because "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005). Here, plaintiff's disciplinary conviction allegedly had an indirect effect on the length of his incarceration in that it led to a change in his Good Time Level. A finding that plaintiff's hearing examiner was biased or deceitful as plaintiff alleges would naturally undermine the validity of the disciplinary proceeding and therefore the basis of the Good Time Level decision. Consequently, plaintiff's claim appears to be barred. Cf. Pierce v. Freeman, 121 F.3d 699, 1997 WL 467533, at *2 (4th Cir. 1997) (table decision) ("Pierce's claims, if proven, would necessarily imply the invalidity of the revocation of his good time credits . . . . For this reason alone, Pierce could not be awarded in this suit pursuant to section 1983 the monetary damages he seeks."). Contra Muhammad v. Close, 540 U.S. 749, 754-55 (2004) (holding that a prisoner challenging a disciplinary conviction not "seeking a judgment at odds with his conviction or with the State's calculation of time to be served in accordance with the underlying sentence" is unaffected by Heck and may proceed under § 1983).

Even to the extent Heck does not bar consideration of plaintiff's claim, the claim is without merit. Assuming plaintiff had a protectable liberty interest in avoiding the consequences of his disciplinary sentence, it is clear that he received the requisite level of process. Under Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974), an inmate subject to the loss of a protected liberty interest is entitled to:

> (1) written notice of the disciplinary charges at least twenty-four hours in advance of the disciplinary hearing; (2) a neutral and detached hearing body; (3) the opportunity to call witnesses and present documentary evidence; (4) an opportunity for non-attorney representation if the inmate is illiterate or the disciplinary hearing is complex; and (5) a written statement provided by the fact finder(s) outlining the evidence relied upon and the reasons for the chosen course of disciplinary action.

Russell v. Wilson, No. 2:15cv51, 2015 WL 4479744, at *5 (E.D. Va. June 17, 2015) (citing Wolff, 418 U.S. at 563-67). The Complaint makes clear that plaintiff received written notice of the charge against him more than twenty-four hours in advance of his hearing, see [Dkt. No. 1-1] at 1; that plaintiff had the opportunity to present evidence and confront the charging official, defendant Lett, see id.; and that plaintiff received assistance at his hearing, see [Dkt. No. 16-1] at 9. Although plaintiff believes the evidence presented against him was inadequate, there is no allegation that he did not receive a written statement from the factfinder outlining the evidentiary basis for the decision. Finally, although plaintiff claims that defendant Green "rendered a bias[ed] guilty verdict" against him and was therefore not impartial, see [Dkt. No. 1-1] at 1, such a conclusory allegation unsupported by other specific facts is not sufficient to call into question Green's impartiality. Cf. Fogg v. Smith, No. 5:18-HC-02052-D, 2019 WL 3561519, at *4 (E.D.N.C. June 13, 2019), report and recommendation adopted, No. 5:18-HC-2052-D, 2019 WL 3611262 (E.D.N.C. Aug. 5, 2019) (finding that "unsupported, conclusory allegations" of bias are insufficient to indicate a due process violation under Wolff).

For these reasons, plaintiff's Fourteenth Amendment, equal protection, and due process claims will be dismissed.

C.  *42 U.S.C. §§ 1985, 1986*

The Complaint further alleges that, in different ways, defendants conspired to violate his rights, thereby violating 42 U.S.C. §§ 1985(2)-(3), 1986. [Dkt. No. 1] at 5. Plaintiff's theory

regarding § 1985(2) is based on Walker's alleged failure to intervene in plaintiff's disciplinary process despite having received plaintiff's grievances detailing his concerns about the alleged violation of his rights. [Dkt. No. 1] at 5. This claim is deficient on its face because it implicates only one individual. Indeed, as § 1985(2) itself provides, a conspiracy cannot exist without "two or more persons." 42 U.S.C. § 1985(2).

The Complaint also fails to state a claim under § 1985(3). The basis of plaintiff's claim under this subsection is not entirely clear, but it appears that plaintiff believes the alleged violation of his federal constitutional rights led to a violation of his rights under the statute. See [Dkt. No. 1] at 5 ("Plaintiff was injured by the Defendants, (jointly), when they violated my Fourth Amendment right[s] …, my 14th Amendment rights …, and my civil rights under Title 42 U.S.C. Section 1983 and deprivation of my rights under the color of law pursuant to 42 U.S.C. section 1985(3).").

To state a claim under § 1985(3), a complaint must allege facts that support the following elements:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

A Soc'y Without a Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011) (quoting Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995)). A complaint must also allege that there was "an agreement or a meeting of the minds by [the] defendants to violate the [plaintiff's] constitutional rights." Id. (alterations in original) (quoting Simmons, 47 F.3d at 1377). Here, not only does the Complaint fail to offer any specific factual allegations suggesting the existence of any "meeting of the minds," it also fails to suggest that defendants were motivated to act due to plaintiff's

"class" or that they acted with discriminatory animus. Accordingly, the Complaint does not adequately allege a claim under § 1985(3).

Finally, plaintiff also seeks relief under 42 U.S.C. § 1986. But because the Complaint does not state any claim under § 1985, and because "[a] cause of action based upon § 1986 is dependent upon the existence of a claim under § 1985," see Trerice v. Summons, 755 F.2d 1081, 1085 (4th Cir. 1985), plaintiff's claim under 42 U.S.C. § 1986 necessarily fails.

### D.  *Defamation and/or Slander*

The Complaint also asserts that the disciplinary action against plaintiff amounted to defamation or slander. See [Dkt. No. 1-1] at 1. These causes of action involve state law and do not implicate plaintiff's federally guaranteed rights. See, e.g., Paul v. Davis, 424 U.S. 693, 697-710 & nn. 3–4 (1976) (alleged act of defamation of character or injury to reputation is not actionable under 42 U.S.C. § 1983). Because the Court finds that the Complaint does not state any constitutional claim, it declines to retain supplemental jurisdiction over plaintiff's state law claims. See 28 U.S.C. § 1367(a) (a district court has discretion to decline such supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction"); Arrington v. City of Raleigh, 369 F. App'x 420, 423 (4th Cir. 2010) (describing "a strong preference that state law issues be left to state courts in the absence of diversity or federal question jurisdiction"). To raise those claims, plaintiff must do so in a state court.

### E.  *Supervisory Liability*

Finally, the Complaint claims that Zook and "supervisory prison officials" should be held liable in their supervisory capacities because they were "aware of unconstitutional practices and fail[ed] to remedy them." [Dkt. No. 1] at 5. Because the Court has concluded that the Complaint fails to describe any violation of plaintiff's rights, there is no basis for imposing supervisory

10

liability as to any of the named defendants. See Turner v. Thomas, 313 F. Supp. 3d 704, 715 n.7 (W.D. Va. 2018) ("[T]here can be no supervisory liability when there is no underlying violation of the Constitution.") (citing Doe v. Rosa, 664 F. App'x 301, 303 n.2 (4th Cir. 2016)).

## IV.

For all the reasons stated above, defendants' Motion to Dismiss will be granted by an Order that will accompany this Memorandum Opinion.

Entered this 31st day of July 2023.

Alexandria, Virginia

/s/ 

Leonie M. Brinkema
United States District Judge